IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

    Plaintiff,

v.                                        CV 12-1122 RB/WPL

MICHAEL JIMENEZ, Individually and in his official capacity as the Administrator of the Grant County Detention Center, JON SAARI, Individually and in his official capacity as Grant County Manager and as Supervisor of Michael Jimenez, THE BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY, NEW MEXICO, in its official capacity and as the Supervisor of Jon Saari and Michael Jimenez,

and

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 2516, and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 18,

    Defendants.

**ORDER DENYING JOINT MOTION FOR RULE 16 SCHEDULING CONFERENCE**

This matter is before me on the parties' Joint Request for Rule 16 Scheduling Conference. (Doc. 31.) The parties have requested a new scheduling conference "in order to establish and set new pre-trial deadlines" in this case. (*Id.*) The parties state no grounds for their request.

As currently framed, the parties' motion must be denied. A Rule 16 scheduling conference has already been held in this case (*see* Doc. 14), after which time a scheduling order was issued setting pretrial deadlines on a 210-day case management track (Doc. 15). The

deadlines set by that Order may only be modified upon a showing of good cause and with the Court's approval. FED. R. CIV. P. 16(b)(4); D.N.M.LR-Civ. 16.1. Given that the existing pretrial deadlines remain in effect, and given that the parties have failed to state any cause for modifying the existing schedule, a second Rule 16 conference is inappropriate at this time.[1] The parties' request is denied.

       IT IS SO ORDERED.

                                               _____
                                               William P. Lynch
                                               United States Magistrate Judge

---

[1] I also observe that the parties failed to submit a proposed order for this motion to my chambers. *See* D.N.M.LR-Civ. 7.2.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.