**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEREMY SANCHEZ,

        Plaintiff,

v.                                     CV 12-1122 KG/WPL

MICHAEL JIMENEZ, et al.,

        Defendants.

**ORDER GRANTING MOTION TO EXTEND,
DENYING MOTION TO DEEM AS ADMITTED REQUESTS FOR ADMISSION,
AND DENYING MOTION TO COMPEL**

      Since August 13, 2013, Jeremy Sanchez has filed three motions that are currently before me: a motion to extend discovery (Doc. 36), a motion to have his requests for admission ("RFAs") served on the Board of County Commissioners of Grant County, New Mexico (hereinafter "Grant County") deemed admitted under Federal Rule of Civil Procedure 36 (Doc. 39), and a motion to compel answers to certain interrogatories and requests for production (Doc. 50). Grant County, Michael Jimenez, and Jon Saari (altogether "the County Defendants") oppose all three motions. (Doc. 40; Doc. 42; *see* Doc. 50 at 7.) American Federation of State, County and Municipal Employees, Local 2516, and American Federation of State, County and Municipal Employees, Council 18 (together "the Union Defendants") join in Sanchez's motion to extend (*see* Doc. 36), they do not oppose the motion to compel (Doc. 50 at 7), and I construe their failure to serve a response in opposition to the RFA motion as consent to grant that motion, *see* D.N.M.LR-Civ. 7.1(b).

### EXTENSION OF DISCOVERY DEADLINE

Pretrial scheduling orders are designed "[t]o ensure that cases move economically and expeditiously through the federal system" so that "cases can be properly, but quickly and economically, presented." *See Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 692 (D.N.M. 2003). As such, a scheduling order may be modified only upon a showing of good cause and with the Court's approval. FED. R. CIV. P. 16(b)(4); D.N.M.LR-Civ. 16.1; *see also Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (citations omitted)).

Given the facts before me, I find that an extension of the discovery deadline is appropriate in these circumstances. The addition of new parties and claims in the amended complaint that was filed pursuant to the Court's order of July 10, 2013 (Doc. 29), suggests that each party would benefit from additional discovery as to these claims and the relevant defenses. I also observe that all parties were initially receptive to the proposal for extended discovery (*see* Doc. 31), presumably for this very reason. Finally, the trial setting in this case has been vacated since the matter was reassigned to the Honorable Kenneth J. Gonzales, so the proposed extension of discovery will not impact any existing trial dates.

I am hesitant to extend discovery in light of the 210-day discovery period already allowed in this matter (*see* Doc. 15). Moreover, I am not convinced that Sanchez was as diligent as he could have been in the months between the filing of his motion to amend (Doc. 28) and the granting of that motion (Doc. 29). Nonetheless, most of Sanchez's actions do not appear to have been intentionally dilatory, and the docket and exhibits before me demonstrate that all parties have been actively working to move this case forward over at least the last three months. I

2

therefore find that good cause exists to grant Sanchez and the Union Defendants' motion, and as such I will extend the discovery deadline to **November 13, 2013**, with related deadlines extended as set forth later in this Order.

REQUESTS FOR ADMISSION

Rule 36 permits a party to request that another party admit, for purposes of the pending action, any matters that may be discoverable relating to the facts, application of law to facts, opinions on either point, or the genuineness of any described documents. FED. R. CIV. P. 36(a)(1). Once a RFA is served, the matter at issue is deemed admitted unless the served party provides a written answer or objection to the matter within thirty days. *Id.* 36(a)(3). Additionally, the requesting party may move for the Court to determine whether an answer or objection to a RFA is sufficient, and if an answer is found not to comply with Rule 36, the Court may order that the matter is deemed admitted or that an amended answer must be served. *Id.* 36(a)(6).

Sanchez asserts, and the County Defendants do not deny, that he sent Grant County his first set of RFAs on February 4, 2013. (Doc. 39 at 2; Doc. 42 at 2.) However, Grant County failed to answer the RFAs until July 29, 2013, well over the thirty-day period set forth in Rule 36(a)(3). (Doc. 39 at 2; Doc. 42 at 2.) Counsel for the County Defendants attributes the error to that ubiquitous dastardly villain in discovery matters, the former staffer, although she credibly asserts that the matter would have come to her attention sooner had Sanchez timely filed a Certificate of Service as to these RFAs with the Court as required by the Local Rules. (Doc. 42 at 2; *see also* D.N.M.LR-Civ. 26.2(c).)

That said, the County Defendants appear to concede that the matters covered by the RFAs are effectively admitted. (Doc. 42 at 3-4.) However, they cite Rule 36(b) to point out that I may permit amendment or withdrawal of the admissions if "[1] the presentation of the merits of

the action will be subserved thereby and [2] [Sanchez] fails to satisfy the court that withdrawal or amendment will prejudice [him] in maintaining the action or defense on the merits." (*Id.* at 4 (citation omitted).)

Although their attorney plainly erred in failing to timely respond to the RFAs pursuant to Rule 36, I agree that the County Defendants should not be punished for their counsel's failure in this instance and that the merits of this action would not be subserved by such punishment. As another circuit has observed, to allow these matters to be automatically admitted "due to the inadvertence of the defendant which is at most excusable neglect" would be "manifestly unfair and grossly unjust." *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (quotation omitted). Further, given the vacated trial setting and the extension of discovery that I am granting, I do not believe that Sanchez will be prejudiced in maintaining this action by requiring him to accept responses to his RFAs on the merits rather than on technical grounds. Therefore, in light of Rule 36(b)'s emphasis on "the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice," FED. R. CIV. P. 36(b) advisory committee's note (1970), I will allow consideration of the County Defendants' responses on the merits and will not deem the matters admitted simply for failure to abide by the thirty-day time limit.

In the alternative, Sanchez requests that I deem a number of specific RFAs to be admitted on the grounds that Grant County failed to adequately (or in some cases at all) specify the factual basis for their untimely denials. (Doc. 39 at 3.) However, Sanchez has failed to provide me with a copy of the RFA answers in question. Nor have the County Defendants responded to Sanchez's challenge to the sufficiency of these RFA answers, though this is understandable since Sanchez neither provided me with these answers nor outlined with specificity any basis for deeming them

admitted based on their insufficiency. Without the ability to review the RFA answers that Sanchez challenges, and without full briefing on the question, I am unable to determine the sufficiency of these answers. Sanchez's motion must therefore be denied.

However, I will not end the inquiry on these grounds. In light of the flexibility I have shown to the County Defendants in allowing the consideration of their untimely RFA answers on the merits, I will also allow Sanchez some flexibility in deciding whether these answers are sufficient under Rule 36. Accordingly, Sanchez shall have until **September 13, 2013**, to file a new motion to challenge the sufficiency of RFA Nos. 1, 2, 3, 12, 14, 16, 19, 20, 21, 23, 24, and/or 26 on grounds of failure to adequately or at all specify a factual basis for denials. The new motion will be summarily denied if Sanchez fails to attach to his motion a copy of the RFAs in question and the County Defendants' answers thereto. The County Defendants (and/or any other party who opposes the motion) will have **seven days** from the filing of said motion to respond. Sanchez shall have **seven days** from the filing of any response to file a reply.

## MOTION TO COMPEL

Sanchez asks that I compel the County Defendants to "answer reasonably" certain interrogatories and requests for production it served upon those Defendants. (Doc. 50.) Sanchez does not state when he served these discovery requests on the County Defendants, but he acknowledges that he received their responses and objections on March 12, 2013. (*See id.* at 2.)

Sanchez's motion is procedurally improper in several respects. Despite the requirements of Local Rule 37.1(a)-(b), Sanchez failed to attach to his motion a copy of either the discovery at issue here or the County Defendants' responses thereto, though I am willing to overlook this omission since Sanchez filed these documents as a supplement to his motion the following day. (*See* Doc. 52.) More importantly, Sanchez did not file his motion to compel within twenty-one

days of the service of these responses, in violation of Local Rule 26.6. Further, Sanchez filed this motion on September 4, 2013, even though the scheduling order clearly provided at the time that discovery motions be filed no later than August 20, 2013 (Doc. 15 at 2).

Sanchez acknowledges his failure to file his motion to compel within the twenty-one-day deadline for doing so, admitting that he first reviewed the responses "[o]n or about July 20, 2013," but he argues that the deadline should be extended. (Doc. 50 at 2.) According to Rule 6(b)(1), to which Sanchez does not cite at any point, the Court may, on motion, extend the time to act if good cause exists to do so and the moving party failed to act because of excusable neglect. Incredibly, Sanchez argues that his actions constitute excusable neglect in that his counsel "was unaware that he had 21 days to object" because said counsel "did not read and was unaware of [the] ramifications of [Local] Rule 26.6." (*Id.*) He also points to the County Defendants' motion to dismiss filed on March 23, 2013, as delaying his ability to review or respond to their discovery responses. (*Id.*) Finally, Sanchez also appears to argue that his negligence was excusable because he himself had filed "a host of procedural motions" in July, August, and September 2013. *(See id.* at 3, 6-7.)

It is well-established in the Tenth Circuit that "ignorance of the rules . . . do[es] not constitute excusable neglect for purposes of Rule 6(b)." *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92 (1993)); *see also United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004) ("[C]ounsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule." (citations and internal punctuation omitted)). Further, I do not see how the County Defendants' March 2013 motion to dismiss has any bearing on Sanchez's failure to review their discovery responses for

another four months. Finally, it is self-evident that Sanchez's own motions in the last two months cannot justify his failure to file his motion to compel before the twenty-one-day deadline of April 2, 2013.

Sanchez's counsel has established neither good cause nor excusable neglect to justify extending the deadline to file the instant motion to compel. As such, the motion is denied.

### CONCLUSION

Sanchez and the Union Defendants' motion to extend discovery (Doc. 36) is granted, Sanchez's motion to deem certain RFAs served on Grant County as admitted (Doc. 39) is denied, and Sanchez's motion to compel (Doc. 50) is denied. The following modifications to the scheduling order (Doc. 15) are hereby ordered:

| | |
|---|---|
| Discovery termination date: | **November 13, 2013** |
| Deadline for motions relating to discovery: | **November 20, 2013** |
| Deadline for dispositive motions: | **November 27, 2013** |
| Proposed pretrial order – Plaintiff to Defendants: | **January 29, 2014** |
| Proposed pretrial order – Defendants to Court: | **February 12, 2014** |

Sanchez must also file any motion challenging the sufficiency of the County Defendants' RFA answers pursuant to the restrictions and deadlines set forth earlier in this Order.

IT IS SO ORDERED.

_William P. Lynch_

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.