# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

      Plaintiff,

v.                                         CV 12-1122 KG/WPL

MICHAEL JIMENEZ, et al.,

      Defendants.

## ORDER DENYING SECOND MOTION TO DEEM
## ADMITTED CERTAIN REQUESTS FOR ADMISSIONS

Jeremy Sanchez has filed a second motion to deem admitted certain requests for admissions he sent to Michael Jimenez, Jon Saari, and the Board of County Commissioners of Grant County ("the County Defendants"). (Doc. 60.) Sanchez contends that the County Defendants denied requests 1, 2, 3, 23, 24, and 26 and failed to disclose the basis for those denials, and that the County Defendants denied requests 12, 14, 16, 19, 20, and 21 "without an adequate basis for said denials and with a basis that makes very little if no sense." (*Id*. at 2.) Sanchez quotes Federal Rule of Civil Procedure 36(a)(4) and (a)(6) in support of his motion, but he fails to explain how they apply to require that the requests be deemed admitted. (*See id*. at 4.) He further fails to cite any case law in support of his motion. *Id*.[1]

The legal authorities cited in the response by the County Defendants are similarly sparse. The County Defendants cite some general authority about requests for admissions, and then assert that since Sanchez failed to provide the Court with any information that demonstrates that

---

[1] The failure of Sanchez to timely file a reply in support of his motion constitutes consent that briefing on the motion is complete. D.N.M.LR-Civ. 7.1(b).

their denials were factually inaccurate, Sanchez has failed to establish that the denials were inadequate. (Doc. 63.)

There are at least two reasons to deny Sanchez's motion. First, Sanchez has failed to certify in his motion that he attempted to confer with the County Defendants to avoid the need for a hearing. (Doc. 60 at 4 ("Plaintiff believes this motion is opposed."); FED. R. CIV. P. 37(c)(1); D.N.M.LR-Civ. 7.1(a).) A motion that fails to include a recitation of a good-faith request for concurrence may be summarily denied. D.N.M.LR-Civ. 7.1(a). This is not the first time that Sanchez (or, more likely, Sanchez's counsel) has failed to comply with the District's Local Rules. (*See* Doc. 54 at 6 (admitting that counsel "did not read and was unaware of [the] ramifications of [Local] Rule 26.6").)

Second, and more importantly, a party may properly respond to a request for admission with a denial without explaining the basis for the denial, and the party that served the request may not seek a pretrial hearing on whether the denial is accurate. The Federal Rules of Civil Procedure permit a variety of responses to a request for admission. A party served with a request for admission may:

1. admit the matter at issue;
2. deny the matter at issue;
3. object to the request, stating the grounds for the objection;
4. state "in detail" why the party cannot admit or deny the matter;
5. move for a protective order;
6. move for an extension of time to respond; or
7. fail to respond timely.

*See* FED. R. CIV. P. 36(a); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2259 (2013).

In support of his position, Sanchez may be relying upon Rule 36(a)(6), which allows a party to move to determine the "sufficiency" of an answer or objection to a request for admission. A response to a request for admission may be considered insufficient where the response is not "specific" or where the explanation for a failure to admit or deny is not "in detail" as required by Rule 36(a)(4). *See Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (1970)). However, a denial is specific and is a proper response to a request for admission, and a party is not required to state the reasons why it denied a request for admission. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988); *Michael v. Wes Banco Bank, Inc.,* No. CIVA 5:04CV46, 2006 WL 1705935, at *3 (N.D. W.Va. June 16, 2006) (unpublished) (quotations omitted).

Neither party cites to Rule 37(c)(2), which allows a party to challenge the factual accuracy of a response to a request for admission. Rule 37(c)(2) provides that if a party fails to admit the truth of a matter under Rule 36, and the requesting party later proves the matter to be true, the requesting party may move after trial to recover the reasonable expenses, including attorney's fees, incurred in making the proof. It is well-established that a party may not request under Rule 36(a)(6) that the court determine pretrial the accuracy of a denial to a request for production, and that Rule 37(c)(2) provides, in a post-judgment motion for sanctions, the sole avenue to assess the substantive accuracy of a denial of a request for admission. *United Coal Cos.,* 839 F.2d at 967-68; *United States v. Operation Rescue Nat'l*, 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999); *Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997); *Foretich*, 151 F.R.D. at 4-5; *see also Point Blank Solutions, Inc. v. Toyobo*

*Am., Inc.,* No. 09-61166-CIV, 2011 WL 742657, at *3-5 (S.D. Fla. Feb. 24, 2011); *Michael*, 2006 WL 1705935, at *2-3.

Sanchez's Second Motion to deem admitted certain requests for admission sent to the County Defendants is hereby denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.