# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

        Plaintiff,

v.                                        CV 12-1122 KG/WPL

MICHAEL JIMENEZ, et al.,

        Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

In his Amended Complaint, Jeremy Sanchez alleges numerous constitutional and state law violations arising out of the termination of his employment at the Grant County Detention Center. (Doc. 30.) Michael Jimenez, Jon Saari, and the Board of County Commissioners of Grant County (the County Defendants) filed a motion for summary judgment on all claims against them and for qualified immunity for Jimenez and Saari. (Doc. 44.) The County Defendants then filed a motion to stay proceedings pending a decision on their motion. (Doc. 55.) Sanchez opposes the motion to stay. (Doc. 61.) AFSCME Local 2516 and Council 18 (the AFSCME Defendants) have filed a motion for summary judgment and alternative motion to compel arbitration (Doc. 47), and they do not oppose a stay of discovery if the order granting the stay recognizes that the parties may need to pursue discovery depending upon the disposition of the pending motions for summary judgment (Doc. 62).

"The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing

*Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Id.* at 336 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The court must determine whether a reasonable person could have believed the defendants' alleged actions to be lawful; if so, "defendants are entitled to dismissal before discovery." *Id.* In a suit with multiple defendants, only some of whom assert qualified immunity, all discovery should be postponed pending a ruling on qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

Sanchez contends that Jimenez and Saari are named individually in only two counts of his Amended Complaint that allege violations of 42 USC § 1983 and that he should be allowed to pursue discovery on the other six counts against the Board and the AFSCME Defendants. (Doc. 61 at 2). He also cites three cases that allowed limited discovery to proceed despite individual defendants moving to stay the proceedings based on the defense of qualified immunity. *See, Robillard v. Bd. of Cnty. Comm'rs of Weld Cnty., Colo.*, Civ. A. No. 11-cv-03180-PAB-KMT, 2012 WL 694507 (D. Colo. Mar. 1, 2012); *Seeds of Peace Collective v. City of Pittsburgh*, Civ. A. No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010); *S.D. v. St. Johns Cnty. Sch. Dist.,* No. 3:09-cv-250-J-20TEM, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009). While Sanchez claims that taking discovery depositions from Jimenez and Saari will not unnecessarily expose them to burdensome discovery, (Doc. 61 at 2), I note that he has fully responded to the County Defendants' motion for summary judgment and did not submit a Rule 56(d) affidavit or declaration demonstrating how the requested discovery would relate to the

qualified immunity issue (Doc. 64).[1]

Limited discovery while a motion for qualified immunity is pending may be appropriate in certain cases. For example, in *Robillard*, the court recognized that a "well supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery" but found that the individual defendants' qualified immunity defense was not well supported when it was raised as an alternative defense in a single paragraph relegated to a footnote. *See* 2012 WL 694507, at *2 (quoting *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). In *St. Johns County School Dist.,* a motion to dismiss filed by the lead defendant, St. Johns County School District, had been denied, and the court decided to allow discovery because of the "unique" fact that the case would proceed against the School District. *See* 2009 WL 4349878, at *3-4. The court readily acknowledged, however, that discovery should generally be stayed in situations where granting a dispositive motion could dispose of the entire action because it would decrease costs to the litigants and save judicial resources. *Id.* at *3. Similarly, in *Seeds of Peace Collective*, while the court held that it had discretion to allow discovery, the "standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved." *See* 2010 WL 2990734, at *2.

In *Iqbal*, the Supreme Court explained why it is appropriate to stay all discovery while a qualified immunity motion is pending. 556 U.S. at 685. If discovery proceeds between the other parties, "it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their

---

[1] Although the Court has stricken Sanchez's response for failure to conform to Local Rules (Doc. 75), I nonetheless read his filing of that response as a concession that additional discovery is not required to resolve the County Defendants' qualified immunity argument.

position." *Id*. Thus, even if the defendants were not subject to discovery orders, "they would not be free from the burdens of discovery." *Id*. at 685-86.

The Supreme Court has stated that qualified immunity issues should be resolved at the "earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). The County Defendants have timely raised a qualified immunity defense. On March 23, 2013, they filed a motion to dismiss Sanchez's Complaint, raising qualified immunity as a defense for Jimenez and Saari. (Doc. 21.) After Sanchez filed his Amended Complaint, they promptly filed a motion for summary judgment, including a qualified immunity defense on behalf of Jimenez and Saari. (Doc. 44.) This is not a situation where the defendant failed to timely assert a defense of qualified immunity. In *Herrera v. Santa Fe Pub. Sch.*, the parties pursued discovery for eighteen months before the qualified immunity issue was raised. No. CIV 11-0422 JB/KBM, 2012 WL 6846393 (D.N.M. Dec. 20, 2012) at *7-8. Even though the defendants waited to raise the issue, the court granted a stay of discovery and stated that "the Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit have provided strong language directing district courts to stay discovery when a qualified immunity defense is asserted." *Id*. at *3.

The County Defendants' motion to stay is granted. All discovery is stayed pending Judge Gonzales's ruling on the pending motions for summary judgment. If one or both of the motions are denied, I will hold a scheduling conference to discuss what discovery is appropriate.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.