IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

     Plaintiff,

vs.                                  Civ. No. 12-1122 KG/WPL

MICHAEL JIMENEZ, individually and in his official capacity as
The Administrator of the Grant County Detention Center,
JON SAARI, individually and in his official capacity as Grant County Manager
and as supervisor of Michael Jimenez,
THE BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, NEW MEXICO, in its official
Capacity and as the supervisor of Jon Saari and Michael Jimenez,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 2516,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES COUNCIL #18,

     Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant AFSCME Local 2516's Motion for

Summary Judgment, or in the Alternative, Motion to Compel Arbitration (Motion for Summary

Judgment, or in the Alternative, Motion to Compel Arbitration), filed on August 27, 2013.[1]

(Doc. 47).  Plaintiff filed a response on October 1, 2013, and the Union filed a reply on October

---

[1] The Court assumes that Defendant American Federation of State, County and Municipal
Employees Council #18 joins in the Motion for Summary Judgment, or in the Alternative,
Motion to Compel Arbitration.  The Court will collectively refer to Defendant American
Federation of State, County and Municipal Employees Council #18 and Defendant AFSCME
Local 2516 as the Union.

15, 2013.  (Docs. 65 and 71).  Defendants Michael Jimenez, Jon Saari, and the Board of County

Commissioners of Grant County (collectively, the County Defendants) did not respond to the

Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration.  Having

considered the Motion for Summary Judgment, or in the Alternative, Motion to Compel

Arbitration as well as the accompanying briefs, the Court grants that motion in part in that the

Court (1) compels arbitration within 30 days of the filing date of this Memorandum Opinion and

Order, and (2) stays this case, including the Union's request for summary judgment, pending

resolution of the arbitration proceeding.

The Union moves for summary judgment on Count VIII of the First Amended Complaint

(Doc. 30).[2]  Plaintiff asserts in part that Defendant Board of County Commissioners of Grant

County and Grant County breached the Collective Bargaining Agreement (CBA) by terminating

Plaintiff's employment without just cause.  (Doc. 30) at ¶ 111.  Plaintiff also asserts in Count

VIII that the Union failed to represent him fairly by not taking to arbitration Plaintiff's grievance

regarding the termination of his employment.  *Id.* at ¶ 113.  Plaintiff alleges specifically that the

Union failed to either (1) force the matter to arbitration after having given written notice of an

intent to pursue arbitration, (2) timely file a final grievance for arbitration, or (3) request an

extension of time to file a final grievance for arbitration.  *Id.*

The Union now argues the undisputed facts show that it is entitled to summary judgment,

as a matter of law, on Count VIII.  The Union also moves, in the alternative, or in addition, for

summary judgment on Count VIII, that the Court to compel arbitration of Plaintiff's termination

of employment.  While Plaintiff opposes the Union's request for summary judgment, Plaintiff

does not oppose the Union's request to compel arbitration provided the Court stays this case.

---

[2] Aside from Count VIII, Counts I and VI of the First Amended Complaint still remain in this
case.  *See* (Doc. 89).

(Doc. 65) at 9.  The County Defendants do not oppose the Union's request for summary

judgment and its request to compel arbitration.  Because of the apparent agreement that the Court

should compel arbitration, the Court first will address the request to compel arbitration first.

The New Mexico Uniform Arbitration Act (NMUAA) provides that "[t]he court shall

decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to

arbitrate."  NMSA 1978, § 44-7A-7(b) (2007 Repl. Pamp.).  However, the arbitrator, not the

court, decides "whether a condition precedent to arbitrability has been fulfilled and whether a

contract containing a valid agreement to arbitrate is enforceable."  NMSA 1978, § 44-7A-7(c)

(2007 Repl. Pamp.).  The NMUAA also provides that if a party to an arbitration agreement

refuses to participate in arbitration and that "party does not appear or does not oppose the motion

[to compel arbitration], the court shall order the parties to arbitrate…."  NMSA 1978, § 44-7A-

8(a)(1) (2007 Repl. Pamp.).  "If the court orders arbitration, the court on just terms shall stay any

judicial proceeding that involves a claim subject to the arbitration."  NMSA 1978, § 44-7A-8(g)

(2007 Repl. Pamp.).

In this case, the CBA provides for arbitration over employment grievances.  *See* (Doc.

44-3) at 4-8.  Additionally, an arbitrator, must decide whether, as a condition precedent to

arbitrability, the Union timely provided Defendant Board of County Commissioners of Grant

County a notice of intent to pursue arbitration.  Moreover, although Defendant Board of County

Commissioners of Grant County and Grant County refused to participate in arbitration, they have

not opposed the Union's request to compel arbitration.  Under the NMUAA, the Court is,

therefore, required to compel arbitration.  A stay of this case, including the Union's request for

summary judgment, pending resolution of the arbitration proceeding also is appropriate.

IT IS ORDERED that:

1.  Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration (Doc. 47) is granted in part;

2.  within 30 days of the filing date of this Memorandum Opinion and Order, the parties will proceed to arbitration as provided by the terms of the CBA; and

3.  this case, including the Union's request for summary judgment, is stayed pending resolution of the arbitration proceeding.

UNITED STATES DISTRICT JUDGE