IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

      Plaintiff,

vs.                                                                          Civ. No. 12-1122 KG/WPL

MICHAEL JIMENEZ, individually and in his official capacity as
The Administrator of the Grant County Detention Center,
JON SAARI, individually and in his official capacity as Grant County Manager
and as supervisor of Michael Jimenez,
THE BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, NEW MEXICO, in its official
Capacity and as the supervisor of Jon Saari and Michael Jimenez,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 2516,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES COUNCIL #18,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the County Defendants' Motion for

Reconsideration of this Court's Order Compelling Arbitration and Memorandum in Support

Thereof (Motion for Reconsideration), filed on April 20, 2015.  (Doc. 101).  The County

Defendants move the Court to reconsider (1) the Memorandum Opinion and Order (Doc. 100),

filed on April 13, 2015, compelling arbitration, and (2) the Memorandum Opinion and Order

(Doc. 88), filed on December 19, 2014, granting, in part, the County Defendants' Motion for

Summary Judgment (Doc. 44).  Plaintiff responded on April 29, 2015; Defendant American

Federation of State, County and Municipal Employees, Local 2516 (the Union) filed a response on May 4, 2015; and the County Defendants filed replies on May 18, 2015.  (Docs. 102, 105, 106, and 108).  Having considered the Motion for Reconsideration, the accompanying briefs, and the Memorandum Opinions and Orders at issue, the Court grants the Motion for Reconsideration, in part, and will vacate its April 13, 2015, Memorandum Opinion and Order (Doc. 100).

A.  *Standard of Review*

The County Defendants bring their Motion for Reconsideration under Fed. R. Civ. P. 60(b).  Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons.  Fed. R. Civ. P. 60(b).  In particular, the Court may grant relief pursuant to Rule 60(b) in cases of "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).  "[R]evisiting the issues already addressed … and 'advanc[ing] new arguments or supporting facts which were otherwise available'" will not justify granting a Rule 60(b) motion.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).  Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

B.  *Discussion*

1.  *The Memorandum Opinion and Order (Doc. 100) Compelling Arbitration*

On August 27, 2013, the Union filed Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration (Motion).  (Doc. 47).  Contrary to LR-Cv 7.1(a), the Union did not seek the concurrence of either Plaintiff or the County Defendants before filing the Motion.  The Union moved for summary judgment on

Plaintiff's claim that the Union breached its duty of fair representation.  In the alternative, the

Union moved to compel arbitration with the County on the issue of Plaintiff's termination.

Plaintiff responded to the Motion, but the County Defendants did not.  *See* (Doc. 65).  Plaintiff

opposed the motion for summary judgment, but did not oppose the motion to compel arbitration.

Because the County Defendants did not respond to the Motion, the Court concluded that

the parties agreed to compel arbitration.  (Doc. 100) at 3.  *See* D.N.M. LR-Cv 7.1(b) (failure to

respond to "motion within the time prescribed for doing so constitutes consent to grant the

motion.").  Consequently, the Court addressed the issue of compelling arbitration first and

concluded that under the New Mexico Uniform Arbitration Act (NMUAA) it was appropriate to

compel arbitration.  The Court noted, in particular, the NMUAA provision stating that if a "party

does not appear or does not oppose the motion [to compel arbitration], the court shall order the

parties to arbitrate."  NMSA 1978, § 44-7A-7(c) (2007 Repl. Pamp.).

The County Defendants argue that they, in fact, oppose compelling arbitration and that

they did not believe they were required to respond to the Motion.  The County Defendants reason

that since the Union did not seek their concurrence on the Motion and that the motion for

summary judgment did not pertain to them, they did not have "standing" to respond to the

Motion.  The Court notes, however, that the title of the Motion clearly indicates that it includes

an alternative motion to compel arbitration and there is no reason to believe that the County

Defendants did not receive notice of the Motion.  Nonetheless, the Court determines that in the

interests of justice it will vacate the April 13, 2015, Memorandum Opinion and Order (Doc.

100).  Furthermore, the Court will construe the Motion for Reconsideration and the

accompanying briefs as supplemental briefing on the alternative motion to compel arbitration.

*2.  The Memorandum Opinion and Order (Doc. 88) Granting, in Part, the County Defendants' Motion for Summary Judgment*

The County Defendants also ask the Court to reconsider its denial of summary judgment on Plaintiff's New Mexico Whistleblower Protection Act claim.  The Court concluded that Section 301 of the Labor Management Relations Act (LMRA) does not preempt the Whistleblower Protection Act claim, and then denied summary judgment on that claim.  (Doc. 88) at 25-27.

The County Defendants argue that the Court erred in concluding that the LMRA does not preempt the Whistleblower Protection Act claim.  The County Defendants, however, do not present any exceptional circumstances for Rule 60(b) relief with respect to that claim.  The County Defendants simply disagree with the Court's decision.  The Court, therefore, denies the County Defendants' Motion for Reconsideration as it relates to the December 19, 2014, Memorandum Opinion and Order (Doc. 88).

IT IS ORDERED that

1. County Defendants' Motion for Reconsideration of this Court's Order Compelling Arbitration and Memorandum in Support Thereof (Doc. 101) is granted in part;

2.  the April 13, 2015, Memorandum Opinion and Order (Doc. 100) is vacated; and

3.  the County Defendants' Motion for Reconsideration of this Court's Order Compelling Arbitration and Memorandum in Support Thereof (Doc. 101) and the associated briefing are construed as supplemental briefing regarding Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration (Doc. 47).

_____
UNITED STATES DISTRICT JUDGE