IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SANCHEZ,

    Plaintiff,

vs.                                                                                                                           Civ. No. 12-1122 KG/WPL

MICHAEL JIMENEZ, individually and in his official capacity as
The Administrator of the Grant County Detention Center,
JON SAARI, individually and in his official capacity as Grant County Manager
and as supervisor of Michael Jimenez,
THE BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, NEW MEXICO, in its official
Capacity and as the supervisor of Jon Saari and Michael Jimenez,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 2516,

And

THE AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES COUNCIL #18,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration (collectively, Motion), filed August 27, 2013.[1] (Doc. 47). Plaintiff filed a response on October 1, 2013, opposing the motion for summary judgment and seeking to defer ruling on the motion for summary judgment pending further discovery. (Doc. 65). Plaintiff does not oppose the motion to compel

---

[1] The Court assumes that Defendant American Federation of State, County and Municipal Employees Council #18 joins in the Motion. The Court will collectively refer to Defendant American Federation of State, County and Municipal Employees Council #18 and Defendant American Federation of State, County and Municipal Employees Local 2516 as the Union.

arbitration. *Id*. The Union filed a reply on October 15, 2013. (Doc. 71). The Court further construes the following motion and briefing as supplemental briefing on the motion to compel arbitration: (1) County Defendants' Motion for Reconsideration of this Court's Order Compelling Arbitration and Memorandum in Support Thereof (Motion for Reconsideration), filed April 20, 2015; (2) Plaintiff's response to the Motion for Reconsideration, filed April 29, 2015; (3) the Union's response to the Motion for Reconsideration, filed May 4, 2015; and (4) the County Defendants' replies to those responses, filed May 18, 2015. (Docs. 101, 102, 105, 106, and 108). *See* (Doc. 110).

Having considered the Motion, the Motion for Reconsideration, the accompanying and supplemental briefs, and the material evidence of record, the Court (1) denies Plaintiff's request to defer ruling on the motion for summary judgment pending further discovery, (2) grants the motion for summary judgment on Count VIII of the First Amended Complaint (Doc. 30), (3) *sua sponte* determines that summary judgment will be entered in favor of Defendant Board of County Commissioners of Grant County, New Mexico (County) on Count I of the First Amended Complaint, (4) declines to exercise supplemental jurisdiction over Count VI of the First Amended Complaint, and (5) will remand the remainder of this case to state court, including the motion to compel arbitration.

A. *Procedural Background*

Plaintiff, a member of the Union and a former Grant County Detention Center sergeant and supervisor employed by the County, brought this wrongful termination lawsuit against the County; Michael Jimenez, the administrator at the Grant County Detention Center; and Jon Saari, the Grant County Manager (collectively, the County Defendants) as well as against the Union. Plaintiff originally filed this case in the Sixth Judicial District Court, County of Grant,

State of New Mexico. The County Defendants removed this case to federal court in October 2012. (Doc. 1).

Only Counts I, VI, and VIII of the First Amended Complaint remain. (Docs. 88 and 89). In Count I, Plaintiff alleges that the County breached the Collective Bargaining Agreement (CBA) when it terminated Plaintiff without just cause. In Count VI, Plaintiff alleges that the County Defendants violated the New Mexico Whistleblower Protection Act. Finally, in Count VIII, Plaintiff alleges that the Union breached its duty of fair representation by failing to pursue Plaintiff's request for arbitration.

The Union moves for summary judgment on Count VIII. Plaintiff opposes summary judgment on Count VIII on the merits, but also argues that he needs to take the depositions of Manuel Maldonado (the Union president), Adam Arellano (the Union shop steward), and Defendant Saari to oppose the motion for summary judgment. The Union moves in the alternative, or in addition to granting the motion for summary judgment, to compel arbitration. Although Plaintiff does not oppose the motion to compel arbitration, the County Defendants oppose that motion. The Court will rule on the Union's motion for summary judgment before deciding whether it is necessary to rule on the motion to compel arbitration.

B. Material Facts

   *1. The CBA*

Under the CBA, the County cannot discharge an employee "without just cause." (Doc. 44-3) at 5. When the County charges an employee with misconduct, the County must notify the employee of the charges and conduct an internal investigation before recommending termination of employment. *Id.* at 5-6. Then, the employer holds an informal pre-disciplinary hearing to

provide the employee an opportunity to respond to the charges leading to the termination recommendation. *Id.* at 6.

If, after the pre-disciplinary hearing, the County affirms the recommendation to terminate the employee's employment and the employee disputes that decision under the CBA, the employee must present his grievance to his "Department Head/Elected Official." *Id.* at 8. If the employee "is not satisfied with the response of the Department Head/Elected Official," the employee may file a grievance with the County Manager. *Id.* If the County Manager denies the grievance after a hearing, then the "Union President or his/her designee" may appeal the grievance to expedited arbitration within thirty days of the County Manager's decision. *Id.* The 30-day time limit can be extended in writing by mutual agreement, otherwise "[f]ailure by either management or the employee, [sic] to meet the time requirements in the grievance procedure will mean the adjudication of the matter in the other's respective favor at the point in the grievance." *Id.*

### 2. *Plaintiff's Termination Hearings and Post-Grievance Meeting*

Maldonado and Arellano represented Plaintiff at his February 20, 2012, pre-disciplinary hearing. (Doc. 78-16). On February 23, 2012, Defendant Jimenez issued pre-disciplinary findings and recommended termination of Plaintiff's employment. (Doc. 44-3) at 1-2.

On February 27, 2012, the Union presented to County management an official request to grieve the termination of Plaintiff's employment. *Id.* at 3. On March 6, 2012, Defendant Saari held a hearing on the grievance. Maldonado and Arellano again represented Plaintiff at the hearing. *Id.* at 9-12. Defendant Saari ultimately denied the grievance and upheld Plaintiff's termination effective March 23, 2012. *Id.* at 3.

On April 9, 2012, Arellano informed Defendant Saari by email that "we have decided to take this to arbitration…." (Doc. 47-2). Arellano also asked for inmate records, photos, and incident reports to prepare for the arbitration. *Id.* Arellano sent that email to the County attorney and to Maldonado as well.

On April 13, 2012, AFSCME Local 2516 agreed to take the case to arbitration. (Doc. 47-1) at ¶ 8. On April 16, 2012, the County attorney indicated in a Memorandum regarding "Jeremy Sanchez Arbitration" that she enclosed a copy of the requested inmate file including incident reports as well as a photo. (Doc. 105-1) at 4.

At the request of the Union, Defendant Saari held a meeting on April 23, 2012, in which Maldonado and Arellano represented Plaintiff. (Doc. 44-1) at ¶ 11; (Doc. 44-4) at 1-5. The purpose of the meeting was to reverse the termination decision and to settle the grievance. (Doc. 47-1) at ¶ 9. On April 26, 2012, Maldonado emailed the County asking when a final decision in Plaintiff's case would be made so that the union representative could go to the arbitration committee and Council #18. (Doc. 44-4) at 6. On the next day, Plaintiff's attorney informed Defendant Saari that Plaintiff wanted to request arbitration, but that "the union representative failed to file the grievance…." *Id.* at 7. The County subsequently upheld the termination and informed the Union that it would not pursue arbitration "because the 30-day window to request arbitration had expired on April 23, 2012." (Doc. 47-1) at ¶ 10. The parties do not dispute that the 30-day period to request arbitration began on March 23, 2012, the effective date of Plaintiff's termination.

Then, on April 27, 2012, Maldonado apologized to Plaintiff "for the misunderstandings that led the County to reject the request for arbitration and the attempts to reverse the decision to terminate" Plaintiff. *Id.* at ¶ 11. Maldonado understood "that the County's refusal to recognize a

5

request for arbitration ended the appeal process." *Id.* at ¶ 12.  The Union's position is that the requisite request for arbitration was made on April 9, 2012, well within the 30-day period.  *Id.* at ¶ 13.

C.  *Plaintiff's Request for Additional Discovery*

Plaintiff seeks to defer ruling on the motion for summary judgment until he can engage in further discovery.  The Court construes this request under Fed. R. Civ. P. 56(d).  To invoke Rule 56(d), Plaintiff must file an affidavit which shows that he "cannot present facts essential to justify [his] opposition" to the motion for summary judgment.  Fed. R. Civ. P. 56(d); *see also Todd v. Montoya*, 877 F. Supp. 2d 1048, 1083 (D.N.M. 2012) (citing *Pasternak v. Lear Petroleum Exploration Inc.,* 790 F.2d 828, 832–33 (10th Cir. 1986)).  In this case, Plaintiff did not submit an affidavit to support his request for additional discovery.  Consequently, the Court denies Plaintiff's request to defer ruling on the motion for summary judgment.

D.  *The Motion for Summary Judgment*

1.  *Standard of Review for Summary Judgment*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).[2]  When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Only then does the burden shift to the non-movant to come

---

[2]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted).

*2. Discussion*

As a preliminary matter, the Court notes that Plaintiff brings a "hybrid" action by claiming both that the County breached the CBA (Count I) and that the Union breached its duty of fair representation (Count VIII). The Court must, therefore, view this motion for summary judgment in the context of a hybrid action. Both federal law and New Mexico state law recognize such hybrid actions. 29 U.S.C. § 185 (commonly referred to as Section 301 of the Labor Management Relations Act (LMRA)); *Howse v. Roswell Indep. Sch. Dist.*, 2008-NMCA-095, ¶ 20,144 N.M. 502. Plaintiff, however, does not specify in the First Amended Complaint whether he is bringing the hybrid action under the LMRA or state law. Moreover, Plaintiff referred to both the LMRA and state law in responding to the County Defendants' argument that the Court should enter summary judgment on Count I. (Doc. 78) at 20-22. In deciding that part of the County Defendants' motion for summary judgment, the Court did not determine whether Plaintiff's hybrid claim is a federal or state claim. *See* (Doc. 88) at 16-17 (concluding that under an LMRA hybrid claim "there is a question of fact regarding whether Plaintiff should be excused from the exhaustion requirement…."). Because of the ambiguity of the basis for the hybrid claim, the Court will examine the hybrid claim under both federal and state law, which is substantially similar.

A hybrid action involves two claims: (1) that an employer breached the CBA; and (2) that the union breached its duty of fair representation. *Considine v. Newspaper Agency Corp.*, 43

F.3d 1349, 1357 (10th Cir. 1994) (internal quotations omitted); *Howse*, 2008-NMCA-095, at ¶ 20.  In a hybrid lawsuit, the plaintiff must demonstrate that the union breached its duty of fair representation before he can litigate the breach of the CBA claim.  *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981) (breach of duty of fair representation is "indispensable predicate" to litigating breach of CBA claim); *Howse*, 2008-NMCA-095, at ¶ 17 (quoting *Vadino v. A. Valey Engr's*, 903 F.2d 253, 261 (3d Cir. 1990) ("The unfair representation claim is the necessary 'condition precedent' to the employee's suit.")).  Hence, the outcome of this motion for summary judgment on the breach of the duty of fair representation claim could determine the viability of the breach of the CBA claim.

      *a. Count VIII: the Breach of Duty of Fair Representation Claim*

  Plaintiff alleges that the Union's failure to pursue arbitration as provided in the CBA was arbitrary and, therefore, a breach of the duty of fair representation.  The Union does not dispute that it breaches the duty of fair representation when it acts arbitrarily.  *Nelson v. Holmes Freight Lines, Inc.,* 37 F.3d 591, 594 (10th Cir. 1994) (quoting *Vaca v. Sipes,* 386 U.S. 171, 190 (1967)) (internal quotations omitted); *Akins v. United Steel Workers of Am., AFL-CIO, CLC, Local 187*, 2010-NMSC-031, ¶ 11, 148 N.M. 442.  A union's actions are arbitrary when, under the circumstances, it acts in an irrational manner.  *Nelson*, 37 F.3d at 594; *Granberry v. Alb. Police Officers Assn.*, 2008-NMCA-094, ¶ 8, 144 N.M. 595.  For instance, perfunctory handling of a grievance claim is considered arbitrary.  *Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1240-41 (10th Cir. 1998); *Howse*, 2008-NMCA-095, at ¶ 8.  In the Tenth Circuit and, presumably, in New Mexico, perfunctory processing of a grievance means acting "without concern or solicitude" or in an "apathetic, indifferent, and cursory way."  *Webb*, 155 F.3d at 1240 (quoting *Beavers v. United Paperworkers Int'l Union, Local 1741*, 72 F.3d 97, 100 (8th Cir. 1995)); *see*

*also Callahan v. New Mexico Fed'n of Teachers-TVI*, 2010-NMCA-004, ¶ 22, 147 N.M. 453 (New Mexico Court of Appeals implicitly accepting *Webb* definition of perfunctory by not overruling district court's reference to that definition). "This is not to say that a union violates its duty of fair representation by mere negligent conduct; carelessness or honest mistakes are not sufficient to impose liability on a union." *Webb*, 155 F.3d at 1240; *see also Akins*, 2010-NMSC-031, ¶ 11.

Plaintiff cites four cases, including *Akins*, for the proposition that a union's failure to comply with a deadline constitutes a perfunctory and, thus, arbitrary action. *Akins*, however, is distinguishable from this case. Unlike this case, in which Maldonado and Arellano actively represented Plaintiff at the termination hearings and at the April 23, 2012, meeting, the union in *Akins* failed to file any grievance on behalf of the plaintiff. Moreover, the *Akins* Court did not address the merits of the breach of the duty of fair representation claim, which was tried before a jury. Rather, the New Mexico Supreme Court ruled on whether punitive damages should be available in a breach of the duty of fair representation case "where the union's conduct is malicious, willful, reckless, wanton, fraudulent or in bad faith." *Akins*, 2010-NMSC-031, at ¶ 1.

Second, Plaintiff cites *Dutrisac v. Caterpillar Tractor Co.*, 511 F.Supp. 719 (N.D. Cal. 1981), *aff'd*, 749 F.2d 1270 (9th Cir. 1983). *Dutrisac* likewise is distinguishable from this case. In *Dutrisac*, the court observed that the Ninth Circuit utilizes a reckless disregard test in its definition of perfunctory. *Id.* at 724. That test is inapplicable to the perfunctory definition adopted by the Tenth Circuit and, presumably, by New Mexico courts.

Third, Plaintiff cites *Foust v. Int'l Bhd. of Elec. Workers*, 572 F.2d 710 (10th Cir. 1978), *rev'd in part on other grounds*, 442 U.S. 42 (1979). *Foust* also is inapposite. The Tenth Circuit in *Foust* held that a jury could find that the union acted in a perfunctory manner and, therefore, in

9

an arbitrary manner when it filed a grievance "out of time." *Id.* at 715-16.  In contrast to this case, the union in *Foust* did not fully pursue the plaintiff's claim prior to filing the grievance "out of time."  *See id.* ("made little effort to clarify" issue; did not contact plaintiff by telephone). Moreover, the Tenth Circuit did not apply the perfunctory standard later adopted by the Tenth Circuit.

Fourth, Plaintiff cites *Barnard v. Commercial Carriers, Inc.*, 863 F.2d 694 (10th Cir. 1988), which likewise is distinguishable from this case.  In *Barnard*, the Tenth Circuit held that the union breached its duty of fair representation by failing to protest the plaintiff's grievance at all.  *Id.* at 696.  Here, however, Maldonado and Arellano protested Plaintiff's grievance during the termination hearings as well as at the April 23, 2012, meeting.  As in *Foust*, the Tenth Circuit did not apply the perfunctory standard later established by the Tenth Circuit.  In sum, the cases Plaintiff cites lack controlling and persuasive authority.

It is undisputed in this case that Maldonado and Arellano actively advocated on Plaintiff's behalf at the termination hearings held pursuant to the CBA.  Maldonado and Arellano even went beyond the required hearings under the CBA to meet one more time on April 23, 2012, to attempt to settle the grievance.  AFSCME Local 2516 also agreed on April 13, 2012, well within the 30-day period, to pursue arbitration.  However, neither Maldonado, as president of the Union, or his designee requested arbitration within the 30-day period as required by the CBA.  Instead, Arellano, a shop steward with no authority to do so, requested arbitration within the 30-day period.  Nonetheless, the County responded to Arellano's request for arbitration as if Arellano had the authority to make that request.  Moreover, just four days after the 30-day period expired and after the last meeting to settle the grievance, Maldonado apologized to Plaintiff "for

the misunderstandings that led the County to reject the request for arbitration" for not being timely requested by, presumably, the proper individual.  *See* (Doc. 47-1) at ¶¶ 10 and 11.

In viewing the above evidence in the light most favorable to Plaintiff, no reasonable jury could find that the Union acted in an apathetic, indifferent, or cursory manner in its pursuit of Plaintiff's grievance, including arbitration.  The undisputed evidence shows at most negligent conduct on the part of the Union when it failed to timely request arbitration as required under the CBA.  One could also reasonably infer from the County attorney's April 16, 2012, response to the April 9, 2012, request for arbitration that the County, like the Union, believed, at least as of April 16, 2012, that a timely request for arbitration had been made.  In that sense, the Union's position that it timely requested arbitration is not irrational.  In sum, no reasonable jury could find that the Union's conduct was arbitrary and that the Union, therefore, breached its duty of fair representation.  Accordingly, the Court will enter summary judgment in favor of the Union on Count VIII.

      b. Count I:  the Breach of the CBA Claim

Because the Court concludes that the Union is entitled to summary judgment on the breach of the duty of fair representation claim, Plaintiff has not satisfied the condition precedent for the hybrid claim.  Consequently, Plaintiff cannot litigate the breach of the CBA.  The Court will, therefore, *sua sponte* enter summary judgment in favor of the County on Count I.[3]

---

[3] The Court can *sua sponte* grant summary judgment on a claim if the losing party on a motion for summary judgment is not prejudiced by the lack of notice to come forward with evidence on that claim.  *Ward v. Utah*, 398 F.3d 1239, 1245-46 (10th Cir. 2005) (citing *Scull v. New Mexico*, 236 F.3d 588, 600-01 (10th Cir. 2000)).  Here, Plaintiff is not prejudiced by a lack of notice to come forward with evidence on Count I, because, in the context of the hybrid claim, granting summary judgment on the breach of the duty of fair representation disposed of Count I without having to adjudicate its merits.

11

*E. Supplemental Jurisdiction and Count VI: the New Mexico Whistleblower Claim*

Having determined to grant summary judgment on Counts I and VIII, i.e., Plaintiff's hybrid cause of action, whether based on federal or state law, Plaintiff is left with only the New Mexico Whistleblower Act claim, Count VI. Additionally, the motion to compel arbitration remains outstanding. Under 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction…." *Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir. 2010). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enterprises v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Moreover, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over the Whistleblower Protection Act claim. *Id.* Taking into consideration those factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over Plaintiff's Whistleblower Protection Act claim. Consequently, the Court will remand the remainder of this case to the Sixth Judicial District Court, County of Grant, State of New Mexico, including the motion to compel arbitration.

IT IS ORDERED that

1. Plaintiff's request to defer ruling on Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration (Doc. 47) pending further discovery is denied;

2. Defendant AFSCME Local 2516's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration is granted in that summary judgment will be granted in the Union's favor on Count VIII and Count VIII will be dismissed with prejudice;

3. summary judgment will be granted in favor of the County on Count I and Count I likewise will be dismissed with prejudice;

4. the Court declines to exercise supplemental jurisdiction over Count VI; and

5. the remainder of this case, including the motion to compel arbitration, will be remanded to the Sixth Judicial District Court, County of Grant, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE